IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| IN RE: : | |
| ANTOINETTE NICOLE MARHSALL : | BK. No. 18-15161-amc |
| **Debtor** : | |
| : | Chapter No. 13 |
| U.S. BANK NATIONAL ASSOCIATION, AS : | |
| TRUSTEE FOR GSMPS MORTGAGE LOAN : | |
| TRUST 2006-RP1 : | |
| **Movant** : | |
| v. : | 11 U.S.C. §362 AND §1301 |
| ANTOINETTE NICOLE MARSHALL : | |
| JONATHAN COUSINS : | |
| **Respondents** : | |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2006-RP1 FOR IN REM RELIEF FROM AUTOMATIC STAY UNDER §362(D)(4) AND CO-DEBTOR STAY UNDER §1301 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, PHELAN HALLINAN DIAMOND & JONES, LLP, hereby requests a termination of Automatic Stay and Co-Debtor Stay and leave to foreclose on its mortgage on real property owned by ANTOINETTE MARSHALL and NON-FILING CO-DEBTOR JONATHAN COUSINS.

1. Movant is **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2006-RP1.**

2. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

3. ANTOINETTE MARSHALL and NON-FILING CO-DEBTOR, JONATHAN COUSINS, are the owners of the premises located at **1916 SOUTH 68TH STREET, PHILADELPHIA, PA 19142 NKA 1916 S 68TH ST, PHILADELPHIA, PA 19142-1214**, hereinafter known as the mortgaged premises.

4. Movant is the holder of a mortgage on the mortgaged premises. The terms of the Debt Agreement were amended by a loan modification agreement entered into by and between

Wells Fargo Bank, N.A. and Debtor(s) dated October 10, 2009 (the "Loan Modification Agreement").

5. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

6. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder. A complaint was filed in the Court of Common Pleas of Philadelphia County on October 26, 2011. Movant obtained judgment on June 6, 2012.

7. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

8. As of October 11, 2018, the loan is contractually due for January 1, 2012, with an unpaid principal balance of $64,111.56.

9. As of October 11, 2018, Debtor has failed to tender post-petition mortgage payments for the months of September 2018 through October 2018. The monthly payment amount for the months of September 2018 through October 2018 is $554.96 each, for a total amount due of $1,109.92. The next payment is due on or before November 1, 2018 in the amount of $554.96. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

10. The Debtor has filed a total of five (5) bankruptcies.

11. Debtor, ANTOINETTE NICOLE KING MARSHALL AKA ANTOINETTE MARSHALL, filed a first bankruptcy, No. 12-19268-amc on September 28, 2012. See Exhibit "A"

12. Bankruptcy No. 12-19268-amc was dismissed on September 2, 2014 for failure to make plan payments.

13. Debtor, ANTOINETTE NICOLE KING MARSHALL AKA ANTOINETTE MARSHALL, filed a second bankruptcy, No. 14-20020-amc on December 23, 2014. See Exhibit "B"

14. Bankruptcy No. 14-20020-amc was dismissed on April 26, 2016 for other reasons.

15. Debtor, ANTOINETTE MARSHALL AKA ANTOINETTE NICOLE KING MARSHALL, filed a third bankruptcy, No. 16-15173-amc on July 21, 2016. See Exhibit "C"

16. Bankruptcy No. 16-15173-amc was dismissed on March 28, 2017 for other reasons.

17. Debtor, ANTOINETTE NICOLE MARSHALL AKA ANTOINETTE NICOLE KING MARSHALL, filed a fourth bankruptcy, No. 17-17441-amc on November 2, 2017. See Exhibit "D"

18. Movant obtained relief from the automatic stay on May 29, 2018.

19. Bankruptcy No. 17-17441-amc was dismissed on June 25, 2018 for other reasons.

20. The current case was filed on August 4, 2018. See Exhibit "E"

21. A Sheriff's Sale of the mortgaged premises was scheduled for August 7, 2018.

22. The Debtor's current case is the fifth (5) filing pending in less than four years with the four (4) prior cases having all been dismissed.

23. The Debtor's actions violate 11 U.S.C. §362(d)(4) as this filing is part of a scheme to delay, hinder, and defraud creditors, as evidence by the multiple unsuccessful bankruptcy filings.

24. The Debtor's petitions were filed in bad faith.

25. Movant has another Sheriff's Sale scheduled for December 4, 2018, and does not wish to have its sale continued again by another frivolous bankruptcy filing.

26. Debtor has no or inconsequential equity in the mortgage premises.

27. Movant additionally seeks relief from the Co-Debtor Stay under §1301 (c) (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the Co-Debtor Stay.

28. Movant has cause to have the Automatic Stay and Co-Debtor Stay terminated

as to permit Movant to complete foreclosure on its mortgage and to allow Movant or any other purchaser at Sheriff's Sale to take legal action for enforcement of its right to possession of, or title to, said premises (said actions include but are not limited to forelcosure on its mortgage, recording of a Sheriff's deed, and eviction proceedings).

29. Movant has cause for the entry of an In Rem Relief Order as provided by 11 U.S.C. §362(d)(4).

30. Movant is seeking this Order to prevent any other party heretofore unknown from seeking a stay of the ejectment proceedings that will likely follow.

31. Movant specifically requests permission from the Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

32. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

33. Movant requests that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 and Co-Debtor Stay under Section 1301 with respect to **1916 SOUTH 68TH STREET, PHILADELPHIA, PA 19142 NKA 1916 S 68TH ST, PHILADELPHIA, PA 19142-1214** (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. That relief from any Co-Debtor Stay (if applicable) is hereby granted; and

c. That if any future bankruptcy cases are filed by this Debtor, or any other occupant or owner of the real property located at **1916 SOUTH 68TH STREET, PHILADELPHIA,**

**PA 19142 NKA 1916 S 68TH ST, PHILADELPHIA, PA 19142-1214** within 2 years from the date of this order, such a bankruptcy filing shall not trigger the Automatic Stay under 11 U.S.C. §362(a) as to the real property located at **1916 SOUTH 68TH STREET, PHILADELPHIA, PA 19142 NKA 1916 S 68TH ST, PHILADELPHIA, PA 19142-1214**; and

    d.    That in accordance with section 362(d)(4) that a certified copy of this order may be indexed and/or recorded with any governmental unit that accepts notices of interests or liens in real property.

    e.    Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

    f.    Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the Automatic Stay and Co-Debtor Stay; and

    g.    Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

    h.    Granting any other relief that this Court deems equitable and just.

/s/ Thomas Song, Esquire
Thomas Song, Esq., Id. No.89834
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31387
Fax Number: 215-568-7616
Email: Thomas.Song@phelanhallinan.com

October 25, 2018